Case 4:25-cv-03454   Document 1-3   Filed on 07/25/25 in TXSD   Page 1 of 6

6/19/2025 5:36 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 102218227
By: Kobi Fatsura
Filed: 6/20/2025 12:00 AM

NO.

| | | |
|---|---|---|
| **MIKHEAL WILLIAMS, APRIL WILLIAMS, AND MIKHEALA WILLIAMS INDIVIDUALLY AND A/N/F/ OF M.W.W., A MINOR** Plaintiffs, | § § § § § § | IN THE DISTRICT COURT |
| V. | § § | _____ JUDICIAL DISTRICT |
| **RONNIE WHITE and TURO, INC.** Defendants. | § § § | OF HARRIS COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES MIKHEAL WILLIAMS, APRIL WILLIAMS, AND MIKHEALA WILLIAMS INDIVIDUALLY AND A/N/F/ OF M.W.W., A MINOR, hereinafter called Plaintiffs, complaining of and about **RONNIE WHITE and TURO, INC.** hereinafter called Defendants, and for cause of action shows unto the Court the following:

### DISCOVERY CONTROL PLAN LEVEL

1.  Plaintiff intends that discovery be conducted under Discovery Level 3.

### PARTIES AND SERVICE

2.  Plaintiffs, MIKHEAL WILLIAMS, APRIL WILLIAMS, AND MIKHEALA WILLIAMS INDIVIDUALLY AND A/N/F/ OF M.W.W., A MINOR. are residents of Montgomery County, Texas.

3.  Defendant RONNIE WHITE an Individual who is a resident of Baltimore County Maryland, and may be served with process at the following address: 66 Yardley CT, Windsor Mill., MD 21244 or wherever he may be found.

4.      Defendant TURO INC., a Foreign For-Profit Delaware Corporation, whose principal office is located at 111 Sutter Street, Suite 1200, San Francisco, California, 94104, is authorized to do business in Texas and may be served with process through its registered agent, CT Corporation System at 1999 Bryan St., Suite 900, Dallas, TX 75201-3136.

## JURISDICTION AND VENUE

4.      The subject matter in controversy is within the jurisdictional limits of this court.

5.      Plaintiff seeks:

a.      monetary relief over $1,000,000.00, including damages of any kind, penalties, costs, expenses, pre-judgment interest.

6.      This court has personal jurisdiction over the Defendants, because they are corporations doing business for profit in the state of Texas.

7.      Venue in Harris County is proper in this cause under Section 15 of the Texas Civil Practice and Remedies Code because this is the county where the accident made the basis of this lawsuit occurred.

## FACTS

8.      On or about June 23, 2023, Plaintiff Mikheal Williams was in his parked vehicle in the parking lot of the Royal Sonesta Houston Galleria Hotel. Plaintiffs April Williams, Mikheala Williams Individually and A/N/F of Mikhya Williams-Wallace, were passengers in the vehicle. While parked, Plaintiff's vehicle was struck by a vehicle operated by, upon information and belief, Defendant Ronnie White. Upon information and belief, Defendant Turo Inc. owned the vehicle at the time of the accident. Defendant Turo Inc, Inc. entrusted their vehicle to Defendant Ronnie White for the purpose of operating it on the public streets and highways of Texas. Thereafter, Defendant Ronnie White, while in the course and scope of employment for

Defendant Turo, Inc. and with their knowledge, consent and permission, failed to control his speed, drive in a single lane and struck Plaintiff's vehicle. The result of this failure was a collision with the passenger side of Plaintiff's vehicle. Defendant's failure to exercise reasonable care was the sole proximate cause of the collision. The collision proximately caused Plaintiffs to suffer bodily injuries necessitating reasonable and necessary medical treatment.

## PLAINTIFFS'
## CLAIM OF NEGLIGENCE AGAINST DEFENDANTS

9. Defendants had a duty to exercise the degree of care that a reasonably careful person would use to avoid harm to others under circumstances similar to those described herein.

10. Plaintiff's injuries were proximately caused by Defendants' negligent, careless and reckless disregard of said duty.

11. The negligent, careless and reckless disregard of duty of Defendants consisted of, but is not limited to, the following acts and omissions:

   A. In that Defendant Ronnie White failed to keep a proper lookout for Plaintiff's safety that would have been maintained by a person of ordinary prudence under the same or similar circumstances;

   B. In that Defendant Ronnie White failed to maintain the speed of the motor vehicle to avoid a collision with the vehicle driven by Plaintiff;

   C. In that Defendant Ronnie White failed to operate the motor vehicle in a safe manner as that of a person of ordinary prudence under the same or similar circumstances;

   D. In that Defendant Ronnie White failed to control his speed and failed to drive in a single lane;

   E. In that the Defendant Ronnie White struck the middle of Plaintiff's vehicle;

   F. In that Defendant Ronnie White caused the accident during the course and scope of employment for Defendant Turo Inc.;

   G. In that Defendant Turo Inc. is vicariously liable for Defendant Ronnie

        White negligence committed during the course and scope of his employment;

H.    In that Defendant Turo Inc. entrusted the vehicle to a reckless or incompetent driver; and

I.    In that Defendant Ronnie White was the agent, servant, and employee of Defendant Turo Inc. was acting within the course and scope of such employment at the time of the accident.

## DAMAGES FOR PLAINTIFFS

12.    All medical bills incurred by minor Plaintiff Mikhya Williams-Wallace, are the responsibility of her guardian Mikheala Williams. As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiffs were caused to suffer injuries to their bodies, and to incur the following damages:

A.    Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiffs for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in the area rendered;

B.    Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

C.    Physical pain and suffering in the past;

D.    Physical pain and suffering in the future;

E.    Physical impairment in the past;

F.    Physical impairment which, in all reasonable probability, will be suffered in the future;

G.    Mental anguish in the past;

H.    Mental anguish in the future;

I.    Loss of earning capacity in the past; and

J.    Loss of earning capacity in the future.

**REQUEST FOR DISCLOSURE**

Under Rule 194 of the Texas Rules of Civil Procedure, Plaintiffs request that Defendants RONNIE WHITE and TURO, INC. disclose, within fifty (50) days of service of this request, the information and material described in 194.2.

**PRAYER**

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs respectfully pray that the Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiffs against Defendants, jointly and severally, for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiffs may be entitled at law or in equity.

**SIGNED THE 19TH DAY OF JUNE, 2025**

Respectfully submitted,

*/s/ Christopher J. Davila*
_____
**CHRISTOPHER J. DAVILA**
**ATTORNEY AT LAW**
STATE BAR NO. 24095459
6611 North Main St.
Houston, Texas 77009
Telephone: (713) 868-8044
Facsimile: (713) 868-9122
cdavila@thedavilalawfirm.com

AND


*/s/ Jesus G. Davila*
_____
**JESUS G. DAVILA**
**ATTORNEY AT LAW**

STATE BAR NO. 05455270
6611 North Main St.
Houston, Texas 77009
Telephone: (713) 868-8044
Facsimile: (713) 868-9122
jdavila@thedavilalawfirm.com
**ATTORNEYS FOR PLAINTIFFS**